**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN PEARLMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:26-cv-3060<br><br>[Removed from the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV 26 147902] |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1453, and 1711-1715, Defendant Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. ("Rocket Mortgage") hereby removes this case from the Cuyahoga County Court of Common Pleas, Ohio, (the "State Court") to the United States District Court for the Northern District of Ohio on the following grounds:

CAFA Jurisdiction: This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715 because minimum diversity exists, the amount of controversy exceeds $5 million, and the number of members of the proposed putative class in the aggregate is at least 100 class members. In support of this Notice of Removal, Rocket Mortgage states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On or about October 2, 2026, Plaintiff Alan Pearlman ("Plaintiff") filed a Complaint in Case CV 26 147902, *Pearlman v. Rocket Mortgage, LLC*, in the Ohio Court of Common Pleas for Cuyahoga County (the "State Court Action"). A true and correct copy of the

process, pleadings, and orders served upon Rocket Mortgage in the State Court Action, including the Complaint ("Compl.") are attached at **Exhibit 1**.

2. On October 20, 2026, Rocket Mortgage was served with a copy of the Complaint and Summons in the State Court Action through Certified Mail.

3. Upon information and belief, Plaintiff is a resident of Ohio. Plaintiff's mortgage was recorded in Cuyahoga County, Ohio. *See* Compl. ¶ 8.

4. Rocket Mortgage is a Michigan limited liability company with its principal place of business in Michigan. *See* **Exhibit 2** ("Rocket Decl."), ¶ 3.

5. Plaintiff asserts claims against Rocket Mortgage for "Third Party Reconveyance Preparation Fee[s]," "3rd Party Reconveyance/Release Preparation Fee[s]," "Third Party Reconveyance/Release Preparation Fee[s]," or similar fees or amounts (collectively, "third party release preparation fees") that Plaintiff alleges were wrongly charged to or obtained from Plaintiff and the putative class in connection with the payoff of their mortgage loans. *See* Compl. ¶¶ 3, 6-8, 10-13.

6. Plaintiff seeks to represent the following putative class:

> Everyone who paid to or was charged by (or whose escrow or other funds (including payoff amounts) had deducted from or charged by) Rocket Mortgage, LLC or Quicken Loans, LLC or Quicken Loans Inc. (but not Nationstar Mortgage LLC) the amount or amounts of any "Third Party Reconveyance Preparation Fee," "3rd Party Reconveyance/Release Preparation Fee," "Third Party Reconveyance/Release Preparation Fee" or similar fee or amount—in relation to any mortgage or mortgages recorded in any of Alabama, Arizona, Arkansas, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Mississippi, Montana, Nebraska, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, or Wyoming.

*See* Compl. ¶ 2.[1]

7. For the putative class, Plaintiff seeks damages in the amounts of "all of the alleged $20" as well as "other amounts of the improper receipts, charges, deductions, takings, and otherwise" and, in the alternative or in addition, a debt judgment, restitution, an accounting, constructive trust, and equitable lien. *See* Compl. ¶¶ 2-3 (Requested Relief).

## II. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under CAFA. Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b). CAFA authorizes the removal of such actions under 28 U.S.C. § 1446.

9. Pursuant to 28 U.S.C. § 1441, Rocket Mortgage removes this case to the United States District Court for the Northern District of Ohio, which is the District Court embracing the place where the State Court Action has been filed.

[1] This is Plaintiffs' counsel's third attempt to assert these claims. Currently pending before this Court is *Washington v. Nationstar Mortgage, LLC*, Case No. 1:22-cv-01392-CEF and *McCabe v. Nationstar Mortgage LLC d/b/a Rocket Mortgage*, Case No. 1:26-cv-00264-CEF in which the same Plaintiffs' counsel asserts the same claims against the same Defendants on behalf of the same proposed classes.

**A. Minimal Diversity Exists**

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2).

11. For diversity purposes under CAFA, a limited liability company is a citizen of the state under whose laws it is organized and the state where it has a principal place of business. 28 U.S.C. § 1332(d)(10).[2] Rocket Mortgage is organized under the law of the State of Michigan and has its principal place of business in the State of Michigan. *See* Rocket Decl. ¶ 3. Accordingly, Rocket Mortgage is a citizen of the State of Michigan.

12. Upon information and belief, Plaintiff is a citizen of the State of Ohio, as Plaintiff's mortgage was recorded in Cuyahoga County, Ohio. *See* Compl. Caption, ¶ 8.

13. Because Plaintiff is a citizen of the State of Ohio, and Rocket Mortgage is a citizen of the State of and Michigan, the citizenship of at least one putative class member is different from the citizenship of the Defendant, thus satisfying 28 U.S.C. § 1332(d)(2)(A).

**B. The Putative Class Consists of More Than 100 Members.**

14. Based on Rocket Mortgage's preliminary investigation, at least 316,602 accounts were charged a third party release preparation fee in order to record the release of a satisfied mortgage paid in full during the relevant period. *See* Rocket Decl. ¶ 12. The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

[2] *Kendrick v. FCA US LLC*, No. 21-cv-12995, 2022 WL 2758518, n.3 (E.D. Mich. July 14, 2022) ("Under CAFA, an LLC is considered to be a citizen of wherever it has its principal place of business and under whose laws it is organized. See 28 U.S.C. § 1332(d)(1).").

**C. As Alleged, the Aggregate Amount in Controversy Exceeds $5 Million**

15. To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

16. Here, Plaintiff does not allege a specific amount in controversy. Thus, the Court may consider the Notice of Removal and other relevant documents concerning the amount in controversy. *Mcclendon v. Challenge Financial Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, at 4-5 (N.D. Ohio Mar. 9, 2009) (holding that records prepared in the course of regularly conducted business may be used to establish the amount in controversy); *Popa v. CNX Gas Co., LLC*, No. 4:14CV143, 2014 WL 1369605, at 5 (N.D. Ohio Apr. 7, 2014) (holding that Defendants, through an affidavit, submitted competent proof that the amount in controversy meets minimum requirements).

17. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief.)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

18. Furthermore, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 (stating that "if

a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to ***expand substantially federal court jurisdiction over class actions***. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant") (emphasis added).

19. Here, Plaintiff seeks money damages in the amount of a refund of the $20.00 third party release preparation fees that Rocket Mortgage allegedly charged its customers across 36 jurisdictions and "other amounts of the improper receipts, charges, deductions, takings, and otherwise." *See* Compl. ¶¶ 2-3, 16; *id.* at Requested Relief ¶¶ 2-3. In other words, Plaintiff is seeking to have Rocket Mortgage refund all third party release preparation fees charged to putative class members as well as associated receipts, charges, deductions, takings and other associated fees and costs.

20. While Rocket Mortgage denies any liability, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interest, exceeds the sum of $5,000,000.[3] Rocket Mortgage's establishment of the amount of controversy, as set forth below, is based on assumptions for purposes of removal only as to the amounts that Plaintiff claims to be able to recover if he prevails on his claims.

21. Based on Rocket Mortgage's preliminary investigation, at least 316,602 Rocket Mortgage accounts were charged a third party release preparation fee in order to record the release of a satisfied mortgage paid in full within the 36 jurisdictions listed in Plaintiff's Complaint between October 2, 2026 and the present. *See* Rocket Decl. ¶ 12.

---

[3] Rocket Mortgage does not concede and reserves the right to challenge Plaintiff's theory of liability and damages.

22. Based on this investigation, the total amount in controversy for the putative class, as alleged in the Complaint, is $6,615,189.99 based on the accounts from October 2, 2025 to present.[4] That is calculated by multiplying the number of accounts that were charged a third party release preparation fee within the relevant period by the amount of the fee alleged by Plaintiff to be an improper fee. *See* Rocket Decl. ¶ 12.

23. According to Plaintiff's Complaint, all of these customers would fall into the putative class definition. Compl. ¶ 2. Because Plaintiff seeks damages in the amount of the return of each fee charged by Rocket Mortgage, Plaintiff's claims allege an amount in controversy above $5,000,000.00, the statutory threshold for removal under CAFA.

24. Although the monetary relief described above independently satisfies CAFA's $5,000,000 threshold, Plaintiff's demands for an accounting, constructive trust, equitable lien, restitution of Rocket Mortgage's alleged "gains [and] benefits," and other equitable relief further support that the amount in controversy is met.

25. Courts in this Circuit determine the amount in controversy "with a focus on the economic value of the rights [plaintiff] seeks to protect." *Hubbard v. Elec. Arts, Inc.*, Nos. 2:09-CV-233, 2:09-CV-234, 2011 WL 2792048, at *2 (E.D. Tenn. July 18, 2011) (quoting *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 196 (6th Cir. 2005)).

[4] Rocket Mortgage acquired Nationstar Mortgage LLC ("Nationstar") on October 2, 2025. *See* Rocket Decl. ¶ 5. From October 2, 2025 until February 2, 2026, Nationstar was a subsidiary of Rocket Mortgage. *See* Rocket Decl. ¶ 6. During that time, Rocket Mortgage, through its subsidiary, collected approximately $1,569,824.99 in third party release preparation fees. *See* Rocket Decl. ¶ 10. On February 2, 2026, Nationstar became fully merged into Rocket Mortgage as a single entity. *See* Rocket Decl. ¶ 9. From February 2, 2026 until the present, Rocket Mortgage collected about $5,045,365.00 in third party release preparation fees. *See* Rocket Decl. ¶ 11. Thus, in total, Rocket Mortgage collected approximately $6,615,189.99 in third party release preparation fees during the class period. *See* Rocket Decl. ¶ 12. The third party release preparation fees are also subject to offsets, refunds, credits, and other reallocations, and Rocket Mortgage reserves the right to challenge the inclusion of certain accounts in Plaintiff's putative class definition on any of the foregoing bases.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Kendrick v. FCA US LLC*, No. 21-cv-12995, 2022 WL 2758518, at *6 n.5 (E.D. Mich. July 14, 2022) (quoting *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010)).

26. Equitable relief, and the costs of complying with it, are therefore properly counted toward the jurisdictional amount. *See id.* ("[I]t is appropriate to consider the value of injunctive relief when determining the amount in controversy."); *Hubbard*, 2011 WL 2792048, at *3 n.8 (noting that "injunction-related costs" are considered in determining the amount in controversy in the Sixth Circuit).

27. Congress likewise intended that CAFA's threshold be measured "from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought." S. Rep. No. 109-14, at 42.

28. As alleged in the Complaint, the object of this litigation is not limited to the $20 fee itself. Plaintiff demands "[a]n accounting (at Defendant's expense), constructive trust, and equitable lien for the amounts of the improper receipts, charges, deductions, takings, overpayments, or otherwise," together with "[l]egal money restitution . . . in the amounts of Defendant's gains, benefits, etc." Compl., Requested Relief ¶ 3(b)–(c). Plaintiff further seeks recovery of "other amounts of the improper receipts, charges, deductions, takings, or otherwise," *id.*, Requested Relief ¶¶ 2, 3(a), and alleges that Rocket Mortgage deposited the challenged amounts "into one or more interest-bearing accounts and retained or obtained the money to its benefit," Compl. ¶ 24, and used those amounts "to reduce its own expenses that it incurred to Nationwide Title Clearing," *id.* ¶ 11. Plaintiff also asks the Court to impose a constructive trust

over, and an equitable lien upon, the escrow and payoff funds that he alleges Rocket Mortgage held for the putative class. *Id.* ¶¶ 20–24; *id.*, Requested Relief ¶ 3(c).

29. Finally, Plaintiff requests "[w]hatever further relief the Court decides," including relief for "any expanded class." *Id.*, Requested Relief ¶ 6. Each of these demands places at issue value beyond the face amount of the fees.

30. The accounting Plaintiff demands is itself of potential substantial value. To provide the class-wide accounting Plaintiff seeks, Rocket Mortgage would be required, at its own expense, to identify, retrieve, and reconcile the payoff records, escrow-account activity, fee assessments, and associated disbursements for every loan secured by a mortgage recorded in any of the 36 listed jurisdictions on which a third party release preparation fee or similar amount was charged, and to trace any interest, offsets, or expense reductions associated with those amounts. *See* Compl., Requested Relief ¶ 3(c).

31. Likewise, Plaintiff's demand for restitution of Rocket Mortgage's "gains [and] benefits" places in controversy, in addition to the fees themselves, the interest Plaintiff alleges Rocket Mortgage earned on those amounts and the release-processing expenses Plaintiff alleges Rocket Mortgage avoided. Compl. ¶¶ 11, 16, 24; *id.*, Requested Relief ¶ 3(b).

32. Rocket Mortgage need not "research, state and prove the plaintiff's claim for damages" to rely on these demands; it is enough that a "fair reading" of the unspecified and unliquidated relief Plaintiff seeks shows that the jurisdictional amount is in controversy. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572–73 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

33. Plaintiff's equitable demands also reach forward in time. The Complaint alleges that Rocket Mortgage "paid and pays" release-processing costs and "prepared and prepares"

satisfactions, and that the challenged fees "were and are" charged, Compl. ¶¶ 14–16; and the putative class has no closing date, *id.* ¶ 2. The amount in controversy "*includes all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails*," including amounts that will accrue after removal and through trial. *Kendrick*, 2022 WL 2758518, at *5–6 (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417–18 (9th Cir. 2018)) (emphasis in original). Such future amounts are not speculative where, as here, the plaintiff's own theory is that the challenged conduct is ongoing and will continue absent court-ordered relief. *See id.* at *6.

34. Because the actual damages figures set forth above are confined to accounts Rocket Mortgage has identified to date, they necessarily understate the full value of the relief Plaintiff seeks. *See Hubbard*, 2011 WL 2792048, at *3 (finding threshold met where the defendant's figures "underestimate[d]" the scope of the class claims).

35. Taken together, the value of the accounting, the constructive trust, and equitable lien over the class's alleged funds, the restitution of Rocket Mortgage's alleged gains and benefits, and the fees that will continue to accrue through judgment confirm—independently of, and in addition to, the actual damages described above—that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[5]

36. At a minimum, if there were any uncertainty on this point, the Court "should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42–43.

37. Thus, the amount in controversy easily exceeds the minimum statutory threshold established by CAFA.

[5] To the extent Plaintiff seeks to challenge the Court's jurisdiction over this matter under CAFA, Rocket Mortgage reserves the right to supplement its Notice of Removal with additional evidence supporting the amount in controversy, as well as demonstrate that this putative class action is subsumed by, or otherwise overlaps with, the ongoing putative class actions in *Washington* and *McCabe*. *See supra* n.1.

**D. Defendant is Not a State or State Official**

38. Rocket Mortgage is not a state nor a state official.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

39. This action has not previously been removed to federal court.

40. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

41. Rocket Mortgage filed this Notice of Removal within 30 days of October 20, 2026, the date on which Rocket Mortgage was served with the Complaint. The Complaint was the first pleading from which it could be ascertained "that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, this action is being removed within 30 days of the first date after receipt by Rocket Mortgage of service of any paper giving it notice that the action was removable.

42. A copy of this Notice of Removal is being filed with the State Court and served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

43. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon Rocket Mortgage in the State Court Action are attached at **Exhibit 1**.

44. Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

45. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Rocket Mortgage of any fact, of any validity or merits of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the

same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Rocket Mortgage's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Rocket Mortgage expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Rocket Mortgage hereby removes the above-captioned action now pending in State Court to the United States District Court for the Northern District of Ohio.

Dated: November 19, 2026

Respectfully submitted,

*/s/ K. Issac deVyver*

K. Issac deVyver (0072633)
MCGUIREWOODS LLP
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
P: (412) 667-6000
F: (412) 667-6050
kdevyver@mcguirewoods.com

*Attorney for Defendant*
*Rocket Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 19, 2026, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Brian Ruschel, Esq.
1701 E 12 St. Apt 23B
Cleveland, Ohio 44114
bruschel@aol.com
*Attorney for Plaintiff Alan Pearlman*

*/s/ K. Issac deVyver*
K. Issac deVyver

*Attorney for Defendant*
*Rocket Mortgage, LLC*